IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON DANIEL MUELLER,<br><br>               Plaintiff,<br><br>vs.<br><br>CORRECTION CARE SOLUTIONS,<br>and BRAD JOHNSON,<br><br>               Defendants. | 4:17CV3091<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed a Complaint on July 20, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Lancaster County Jail. He brings this action pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, Joline Herrell, Dr. Charles Zaylor, and the director of the Lancaster County Jail, Brad Johnson for deliberate indifference to his serious medical needs. (Filing No. 1.) He sues the individual defendants in their official and individual capacities. (*Id.* at CM/ECF pp. 2-3.)

Plaintiff was previously confined at the Lancaster County Jail from August 2014 until approximately October or November of 2014. (*Id.* at CM/ECF pp. 4, 12.) The basis of Plaintiff's claim is that staff at the Lancaster County Jail denied him psychiatric medications for two months. Plaintiff states that, during intake, staff did not properly assess his medication regimen or his diagnosis of "Schizo Affective Bi-Polar Type II." (*Id.* at CM/ECF p. 12.) Plaintiff claims that he

requested his psychiatric medications via "kites" and at an appointment with a mental health worker to no avail. (*Id.* at CM/ECF pp. 12-13.) He subsequently filed a grievance and then a tort claim. (*Id.*) He believes his tort claim is still pending. (*Id.*) Plaintiff received his medications prior to his release in October or November. (*Id.* at CM/ECF p. 12.) Plaintiff seeks one million dollars in actual and punitive damages for the infliction of "mental stress." (*Id.* at CM/ECF pp. 13-14.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A.  Official Capacity Claims**

Plaintiff sues Correct Care Solutions and three individuals in their official capacities. Liberally construed, Plaintiff's claim against Brad Johnson, the director of the Lancaster County Jail, is a claim against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). The court infers that Correct Care Solutions employs Dr. Charles Zaylor. A suit against Dr. Charles Zaylor in his official capacity is a claim against Correct Care Solutions. *See Bingham v. Baker*, 2016 WL 8711599 at *4 (N.D. Ill. Apr. 15, 2016) ("The official capacity claims against Baker and Ozekee are essentially claims against Correct Care Solutions"); *see also Martinez v. White*, 2017 WL 1750241 (W.D. Ky. May 3, 2017); *McNabb v. Ray*, 2017 WL 600107 (W.D. Ark. Feb. 14, 2017); *Crawford v. Carroll Cty.*, 2016 WL 3945851 (W.D. Tenn. July 19, 2016). The court does not know from Plaintiff's allegations if Lancaster County or Correct Care Solutions employs Joline Herrell. Regardless, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights in order to state a plausible claim against Lancaster County or Correct Care Solutions.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Similarly, "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Col.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force

behind the alleged constitutional violation. Likewise, Plaintiff has not alleged that Correction Care Solutions has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Sanders*, *supra*. In other words, Plaintiff has not alleged that Lancaster County or Correct Care Solutions has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County or Correct Care Solutions across the line from conceivable to plausible.

## B. Individual Capacity Claims

Plaintiff does not identify the actions taken by any of the named individuals. As previously discussed, Plaintiff has not alleged whether Lancaster County or Correct Care Solutions employs Dr. Charles Zaylor or Joline Herrell, let alone identified their roles in the alleged constitutional violation. Plaintiff must identify personal involvement or responsibility by each named individual for the constitutional violation. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability); *Krych v. Hvass*, 83 F. Appx 854, 855 (8th Cir. 2003) (unpublished) (finding merely listing individuals as defendants in a complaint and not alleging personal involvement in the constitutional violations insufficient to state a claim).

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

Plaintiff should note that the relief recoverable for any constitutional violation is limited. The Prison Litigation and Reform Act prohibits a prisoner from receiving compensatory or actual damages for mental or emotional distress if the plaintiff does not allege a physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injury. If Plaintiff did not suffer any physical injury, then he cannot recover actual or compensatory damages. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004) (finding that nominal, punitive, injunctive, and declaratory relief are still available under the Prison Litigation Reform Act to a prisoner who does not sustain a physical injury).

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by **September 18, 2017**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **September 18, 2017**: check for amended complaint.

Dated this 18th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge